184 N.W.2d 643 (1971)
186 Neb. 525
STATE of Nebraska ex rel. Benjamin C. NEFF, Jr., Director of Insurance, Appellee,
v.
CHRISTIAN BROTHERHOOD OF AMERICA BURIAL ASSOCIATION, a Domestic Corporation, Appellant.
No. 37681.
Supreme Court of Nebraska.
March 12, 1971.
*644 Gaines, Spittler, Neely, Otis & Moore, John Wenstrand, Omaha, for appellant.
Clarence A. H. Meyer, Atty. Gen., Mel Kammerlohr, Asst. Atty. Gen., Lincoln, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN and NEWTON, JJ.
SMITH, Justice.
On application by the Director of Insurance the district court ordered respondent to show cause why the Department of Insurance *645 should not liquidate its business. The district court after a trial decreed liquidation. Respondent appeals.
Respondent in the district court invoked federal and state Constitutions. It contended that repeal of legislative acts had violated obligations of contracts between it and the state, stockholders and policyholders respectively. The district court found that the financial status and business practices of respondent rendered its further transaction of business hazardous to the policyholders, stockholders and the public.
Respondent was incorporated in 1966 under Chapter 21, R.R.S.1943, which then contained article 10. It issued policies of ordinary life insurance under annual certificates of authority issued by the director until April 30, 1969. The director then refused respondent further authority. A minor reason was absence of a permanent location for respondent's records.
Principal reasons for the director's refusing further authority were respondent's financial condition and repeal of enabling legislation. At the trial in September 1969, respondent had $50,000 of insurance in force, 50 policyholders, and 20 policies issued in 1969. Surplus which had been inadequate April 30, 1969, amounted to $2,700. Respondent had received responsible tenders of $5,000 in surplus notes dated in September 1969. Reinsurers had withdrawn, but a letter dated June 26, 1969, indicated a new reinsurance commitment.
The Legislature had not expressly retained the power to repeal the article that authorized organization of respondent. In contrast general corporation laws have reserved some power of repeal. See, s. 21-20,133, R.R.S.1943; Laws 1941, c. 41, s. 85, p. 215. Respondent was organized subject to Article XII, section 1, Constitution of Nebraska, which stated: "The Legislature shall provide by general law for the organization * * * and general control of all corporations * * *. All general laws passed pursuant to this section may be * * * repealed."
Chapter 21, article 10, R.R.S.1943, governing respondent prescribed paid-up capital stock of at least $10,000. Maximum benefits of a membership certificate were $500, except $1,000 in case of a $5,000 surplus or reinsurance of the excess. The article required respondent to obtain a certificate of authority from the director April 30 annually to do business. The Legislature repealed the article by Laws 1967, c. 102, p. 318.
Respondent argues that its charter is irrevocable on authority of Trustees of Dartmouth College v. Woodward, 17 U.S. (4 Wheat.) 518, 4 L.Ed. 629 (1819). There the sovereign reserved no power to alter or revoke the Dartmouth charter. Here the Constitution of Nebraska has reserved the power. Cf. Greenwood v. Freight Co., 105 U.S. 13, 26 L.Ed. 961 (1881).
Whenever a domestic insurance company is determined to be in such condition that further business transactions by it would be hazardous to its policyholders, creditors, stockholders, or the public, the court may order liquidation of the company. Sections 44-125 and 44-127, R.R.S.1943. The district court in effect found that respondent had not shown cause why the Department of Insurance should not liquidate its business. We concur.
It is within the police power of the states to subject the insurance business to reasonable regulation. We see no impairment of contract obligation or violation of Title 15 U.S.C. §§ 1011 and 1012(a), which State Board of Insurance v. Todd Shipyards Corp., 370 U.S. 451, 82 S.Ct. 1380, 8 L.Ed.2d 620 (1962), interpreted.
The judgment is affirmed.
Affirmed.